**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

JARROD FIGUEROA,
*on behalf of himself, FLSA Collective Plaintiffs,*
*and the Class,*

              Plaintiff,

   v.

STATEWIDE CONSTRUCTION SERVICES OF NY,
INC.,
d/b/a STATEWIDE CONSTRUCTION,
HELVETIA CORPORATION,
d/b/a STATEWIDE CONSTRUCTION,
and WAYNE NOEL,

              Defendants.

---

Case No.:

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

Jury Trial Demanded

---

      Plaintiff JARROD FIGUEROA, on behalf of himself and others similarly situated, by and

through his undersigned attorneys, hereby files this Class and Collective Action Complaint

against STATEWIDE CONSTRUCTION SERVICES OF NY, INC. d/b/a STATEWIDE

CONSTRUCTION ("Corporate Defendant"), and WAYNE NOEL ("Individual Defendant" and

together with the Corporate Defendant, "Defendants"), and states as follows:

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime premiums, (2) liquidated damages, and (3) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime premium, (2) statutory penalties, (3) liquidated damages, and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.      Plaintiff, for all relevant time periods, was a resident of Suffolk County, New York.

6.      Defendants collectively own and operate a construction and remodeling services company under the tradename "Statewide Construction" at two different locations:

a) 33 Comac Loop, Ronkonkoma, NY 11779 (Statewide Construction), and

b) 111 Smithtown Bypass, Suite 114, Hauppauge, NY 11788. (Helvetia, and collectively the "Corporations".)

7.      Defendants operate the Corporations as a single integrated enterprise under the common control of the Corporate and Individual Defendants.

a) Specifically, Individual Defendant WAYNE NOEL operates and manages the Corporations.

b) The Corporations has a centralized Human Resources Department that deals with hiring, firing, and administering the workforce.

c) Plaintiff, FLSA Collective Plaintiffs, and Class members worked and receive their compensation randomly from STATEWIDE CONSTRUCTION SERVICES OF NY, INC. or HELVETIA CORPORATION. *See* **Exhibit A**.

8.    Defendants operate the Corporations through the following Corporate Defendants:

a) Corporate Defendant STATEWIDE CONSTRUCTION SERVICES OF NY, INC. is a domestic business corporation organized under the laws of the State of New York, with an address for service of process at c/o United States Corporation Agents, Inc., 7014 13th Avenue, Suite 202, Brooklyn, NY 11228 and a principal place of business located at 33 Comac Loop, Ronkonkoma, NY 11779.

b) Corporate Defendant HELVETIA CORPORATION is a domestic business corporation organized under the laws of the State of New York, with an address for service of process and principal place of business located at 111 Smithtown Bypass, Suite 114, Hauppauge, NY 11788.

9.    Individual Defendant WAYNE NOEL is the principal of Corporate Defendants. WAYNE NOEL exercises operational control as it related to all employees, including Plaintiff, FLSA Collective Plaintiffs, and the Class. WAYNE NOEL frequently visits the work sites where Corporate Defendant does business. WAYNE NOEL exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees of Defendants could complain to WAYNE NOEL directly regarding any of the terms of their employment, and WAYNE NOEL would have the authority to effect any

changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. WAYNE NOEL exercised functional control over the business and financial operations of the Corporate Defendant. WAYNE NOEL had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members, and could reprimand employees.

10.    At all relevant times, Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL, and the Regulations thereunder.

11.    At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the businesses operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12.    Plaintiff brings claim for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including, but not limited to, builders, carpenters, helpers, fixers, framers, foremen, installers, and general construction workers) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13.    At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper overtime premiums for all hours worked. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

14.    The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs

are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15.    Plaintiff brings claim for relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non-exempt employees (including, but not limited to, builders, carpenters, helpers, fixers, framers, foremen, installers, and general construction workers) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

16.    All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP 23.

17.    The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

18.    Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same

Defendants' corporate practices of (i) failing to pay proper overtime premiums at one-and-one half times their hourly rates for hours in excess of forty (40) each workweek, (ii) failing to provide Class members with proper wage statements with every payment of wages, and (iii) failing to properly provide wage notices to Class members, at date of hiring and annually, per requirements of the NYLL. Defendants' company-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.

19.    Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

20.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

21.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation

would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22.      Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

23.      There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

       a)  Whether Defendants employed Plaintiff and the Class members within the meaning of the NYLL;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and Class members;

c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

d) Whether Defendants properly notified Plaintiff and the Class members of their hourly rate and overtime rate;

e) Whether Defendants properly compensated Plaintiff and Class members the overtime premium at one-and-one-half times their straight time base hourly rates for all hours worked in excess of forty (40) each workweek;

f) Whether Defendants provided to Plaintiff and the Class members proper wage and hour notices at date of hiring, as required under the NYLL;

g) Whether Defendants provided proper wage statements informing Plaintiff and the Class members of their proper overtime rate of compensation and other information required to be provided on wage statements, as required under the NYLL; and

h) Whether Defendants provided to Plaintiff and Class members annual wage notices, as required under the NYLL.

## **STATEMENT OF FACTS**

24.    In or about May 2019, Plaintiff JARROD FIGUEROA was hired by Defendants to work as a carpenter for Defendants' construction business STATEWIDE CONSTRUCTION, located at 33 Comac Loop, Ronkonkoma, NY 11779. Plaintiff was employed by Defendants until in or around September 2021.

25.     Throughout his employment with Defendants, Plaintiff was scheduled to work for five (5) days each week, from 7:00 a.m. to 3:00 p.m. for a total of forty (40) hours. Despite of that, Plaintiff was required to continue working until 6:00 p.m. Thus, Plaintiff worked for at least fifty-five (55) hours per week. FLSA Collective Plaintiffs and Class member worked similar hours.

26.     Despite that Defendants knew that Plaintiff, was performing work for over forty (40) hours per week, Defendants never paid him overtime premium for weeks that he worked in excess of forty (40) hours, as required under FLSA and NYLL.  Similarly, FLSA Collective Plaintiffs and Class members worked in excess of forty (40 hours per week without receiving their corresponding overtime premium. *See* **Exhibit B**.

27.     Defendants never provided Plaintiff with a proper wage statement in violation of NYLL. Similarly, FLSA Collective Plaintiffs and Class members were not provided with proper wage statements as required by NYLL.

28.     At no time during the relevant periods did Defendants provide Plaintiff or Class members with proper wages notices, at the beginning of employment and annually thereafter as required by NYLL.

29.     Defendants knowingly and willfully operated their business with a policy of not compensating Plaintiff, FLSA Collective Plaintiffs and Class members the FLSA overtime rate (of one-and-one half) or the New York State overtime (of one-and-one half).

30.     Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the NYLL.

31.     Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff with proper wage statements at all relevant times. Class members also did not

receive proper wage statements, in violation of the NYLL. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class members.

<u>**STATEMENT OF CLAIM**</u>

<u>**COUNT I**</u>

<u>**VIOLATION OF THE FAIR LABOR STANDARDS ACT**</u>

32.    Plaintiff realleges and incorporates all the above allegations as if fully set forth herein.

33.    At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

34.    At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

35.    At all relevant times, each Corporate Defendants had gross annual revenues in excess of $500,000.

36.    At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs their overtime premiums for hours worked over forty (40) per week.

37.    Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

38.    Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked when Defendants knew or should have known such was due.

39.    Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

40.    As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

41.    Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime premiums, plus an equal amount as liquidated damages.

42.    Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

43.    Plaintiff realleges and incorporates all the above allegations as if fully set forth herein.

44.    At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the NYLL, §§2 and 651.

45.    Defendants willfully violated the rights of Plaintiff and Class members by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

46.     Defendants failed to properly notify employees of their overtime rate, in direct violation of NYLL.

47.     Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually thereafter, to all non-exempt employees per requirements of the NYLL.

48.     Defendants failed to provide proper wage statements with correct payment as required by NYLL § 195(3).

49.     Due to the Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime premiums, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

     a.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

     b.     An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

     c.     An award of unpaid overtime premiums due under the FLSA and NYLL;

     d.     An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

     e.     An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime premiums, pursuant to 29 U.S.C. § 216;

f.   An award of statutory penalties as a result of Defendants' failure to comply with the FLSA and NYLL wage notice and wage statement requirements;

g.   Designation of Plaintiff as Representatives of the FLSA Collective Plaintiffs;

h.   Designation of this action as a class action pursuant to FRCP 23;

i.   Designation of Plaintiff as Representatives of the Class; and

j.   Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Date: January 28, 2022
    New York, New York

Respectfully submitted,
By:  /s/ *CK Lee*
    C.K. Lee, Esq.
    **LEE LITIGATION GROUP, PLLC**
    C.K. Lee (CL 4086)
    Anne Seelig (AS 3976)
    148 W. 24th Street, 8th Floor
    New York, NY 10011
    Tel.: 212-465-1180
    Fax: 212-465-1181
    *Attorneys for Plaintiff,*
    *FLSA Collective Plaintiffs,*
    *and the Class*